UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| COMPUTERSHARE INC., | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| KATHYANN PACE, | ) | |
|     Defendant | ) | |
| _____ | ) | |

## **COMPLAINT**

Plaintiff, Computershare Inc. ("Computershare" or "Plaintiff"), brings the following civil action to seek redress against Defendant, Kathyann Pace ("Pace" or "Defendant"), for injunctive and monetary relief, because of Defendant's violations of the Computer Fraud and Abuse Act, 18 U.S.C. 1030 et seq. ("CFAA"), conversion, and breach of contract.

This Action is filed as a result of Defendant's refusal to turn over to Computershare electronic information she downloaded from a Computershare laptop computer after she resigned from her employment with Computershare.  Defendant has a history of ignoring Computershare's multiple requests to return the company's property and for violating Computershare's trust by copying and possessing the company's highly confidential electronic information.  Although Computershare does not yet have full knowledge of all the information Defendant possesses, it is aware that she is in possession of highly confidential information pertaining to risk and audit documentation and analyses.

Pace has refused to return this information and otherwise allow Computershare to take reasonable steps to determine the extent of her possession and use of such information, despite Computershare's multiple and reasonable requests that she do so.

By bringing this action, Computershare seeks, among other things, to require Defendant to produce her personal computer and data storage equipment for inspection by an independent third party computer forensic company, to ensure that she has not downloaded, transferred or otherwise accessed highly sensitive and confidential Computershare information to her personal computer and/or data storage equipment.  The inspection is essential for Computershare to be able to confirm that the company's most sensitive risk and audit documentation and analyses have not been retained on Ms. Pace's personal computer or other electronic media or forwarded from her personal computer to any third parties.

## PARTIES

1.      Plaintiff, Computershare Inc., is a corporation incorporated under the laws of Delaware with an office at 250 Royall Street, Canton, MA 02021.

2.      Defendant, Pace, is an individual who resides at 37 Whitten Street, Dorchester, Massachusetts

## JURISDICTION AND VENUE

3.      Jurisdiction is invoked pursuant to 28 U.S.C. §1331 because a claim arises under the CFAA, 18 U.S.C. §1030 et seq.  Supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the acts complained of occurred in this judicial district and division.  Computershare's offices are located at 250 Royall Street, Canton, MA 02021, and Pace is a resident and citizen of Suffolk County, Massachusetts.

2

## BACKGROUND

### Description of Computershare

5.      Computershare is a global leader in transfer agency and share registration, employee equity plans, proxy solicitation and stakeholder communications; it provides services to over 2,700 corporate and business clients and 15,000,000 shareholders in the United States. Computershare is known for its expertise in data management, high volume transaction processing, payments, and stakeholder engagement, which help organizations maximize relationships with their investors, employees, creditors, members, and customers. Computershare Limited, the parent to Computershare Inc., is listed on the Australia stock exchange (ASX:CPU) and has a substantial business presence in the United States.

### Pace's Employment With Computershare

6.      Pace was employed in Computershare's Enterprise Risk Management and Internal Audit department as a Risk Analyst from 2007 through September 21, 2010, when she voluntarily resigned.

7.      On or about April 23, 2007, Pace executed Computershare's Confidentiality Agreement (the "Agreement") (attached hereto as **Ex. A**).  The Agreement states in relevant part as follows:

2.     **EMPLOYEE'S NON-DISCLOSURE OBLIGATION.**   Employee shall maintain Confidential Information in strict confidence at all times and shall not, without the written consent of the President of the Company, (i) divulge Confidential Information to any unauthorized person or entity, or (ii) use or allow another to use Confidential Information in any unauthorized manner, either during the term of employment or for as long as the Confidential Information remains confidential.   Employee's obligation to maintain Confidential Information in strict confidence is not limited to any single state or other jurisdiction.

3.     **COMPANY PROPERTY.**   All materials and copies thereof (whether related to Confidential Information or not) created or held by Employee during employment with the Company, its parent, subsidiaries, affiliates, predecessors and successors concerning the Company's business are the sole and exclusive property of the Company and will be promptly delivered to the Company upon request by the Company or the termination of Employee's employment for any reason.   All computer files concerning the Company's business and maintained on a computer owned by Employee shall, upon request of the Company or termination of Employee's employment, be downloaded to a disk(s) and returned to the Company and permanently deleted from any form of media retained by the employee.

8.     The Agreement also states,

6.     **REMEDIES.**   Employee acknowledges that failure to comply with the terms of this Agreement will cause irreparable damage to the Company.   Therefore, Employee agrees that the Company is entitled to specific performance or injunctive relief against Employee to prevent such failure or damage.   Employee further agrees to pay reasonable attorney fees incurred by the Company in any proceeding relating to the enforcement of this Agreement or to any alleged breach thereof in which the Company shall prevail in whole or in part. Further, nothing in this Agreement is intended to preclude the Company from exercising any other rights or remedies relating to the protection of confidential or trade secret information.

9.     While employed by Computershare, Pace was assigned, for her business use, a laptop computer (specifically, an IBM/Lenovo Thinkpad T60 with serial number L3-9B1G6) which is owned by Computershare (the "Computershare laptop").   Although required to do so, Pace did not return the Computershare laptop when she resigned.   Despite numerous written requests to her and her legal counsel, Pace did not return the company laptop to Computershare until almost three weeks after her resignation.

4

**Pace's Theft of Computershare Confidential Information From The Laptop Computer**

10.     After the Computershare laptop was finally delivered by Pace to counsel for Computershare, Computershare hired StoneTurn Group LLP ("StoneTurn") to make forensic image copies of the hard drive and to analyze the data on such drive.

11.     Although StoneTurn's review and analysis of the Computershare laptop is ongoing, its analysis to date has revealed that Pace did the following on October 8, 2010, three weeks after she had resigned but before returning the Computershare laptop   to Computershare's counsel:

   a. Attached a SanDisk Cruzer USB Thumb Drive (the "Thumb Drive") to the Computershare Laptop.  The Thumb Drive contained highly confidential and proprietary Computershare documents.  The files included on the Thumb Drive include a compound mail file that contains an unknown number of emails which is likely a replica of all email Pace had on the Computershare Exchange Server;

   b. On the Computershare laptop, opened several of the highly confidential and proprietary Computershare files stored on the Thumb Drive directly from such Thumb Drive; and

   c. Attempted to delete at least 24 files from the Computershare Laptop.

12.     StoneTurn has provided a list of the names of the Computershare documents it determined where located on the Thumb Drive.  The audit and risk documents and reports that Pace downloaded to the Thumb Drive contain highly sensitive, confidential and proprietary Computershare risk and audit analyses, including information that could compromise the company's competitive position in the market as well as highlight and disclose commercial

business practices that are proprietary to the company and which have been uniquely designed to protect client and shareholder private data and accurate money movements across the globe.

13.     For example, Pace downloaded a document that detailed the business and operational processes of certain of the Company's major United States business lines, the inherent risks they face, their management risk rating, the likelihood and consequence of risks to those business lines, a documentation of controls that are in place that have been designed to mitigate their risk, a management residual risk rating (ranking after consideration of how their controls currently in place have addressed those risks), recommendations on how the subsidiary could further mitigate risk, due dates and responsible parties for these business lines.

14.     Pace also downloaded an Internal Audit Report across all of Computershare's United States businesses which describes in detail the company's efforts to maintain and preserve shareholder and institutional privacy and confidentiality, specific audit findings, ratings and rankings, detailed resolution strategies, due dates and responsible individuals.

15.     Additionally, Pace also took a risk analysis of Computershare's core transfer agency business, which included a summary of its proprietary methodology, a calculation of residual risks based on specific data points and a detailed spreadsheet setting forth all of the risks associated with this Transfer Agency business.

16.     Of additional concern, Pace downloaded to the Thumb Drive all of her e-mails, attached to which are copies of dozens of reports and analyses she and the department produced and discussed during her three years with Computershare.  Included in these emails are personally identifiable information of shareholders, including account numbers, names and holdings.

17.     Described above is only a brief summary of the thousands of pages of highly sensitive, confidential and proprietary information that was wrongfully taken by Pace.

18.     In light of the sensitivity of these documents and information, Computershare must take steps to confirm that Pace has not retained or distributed such information to any third parties.  The privacy and financial records of millions of shareholders are potentially at risk.

19.     There is nothing preventing Pace from having transferred or still transferring data from the Thumb Drive to another storage device or computer system.  In order to ascertain exactly what Computershare information is in Pace's possession, custody or control and what has been done with such information, StoneTurn needs to examine the Thumb Drive as well as Pace's other electronic media to see if confidential Computershare files were accessed or downloaded to such devices.

20.     At no time during or after her employment by Computershare was Pace authorized to copy, transfer, download or store any Computershare information on any electronic device owned or possessed by her.

21.     At no time after her employment at Computershare was Pace authorized to access a Computershare computer or computers and obtain information from any such computer.  Pace's access and copying of certain Computershare electronic information exceeded whatever access she was permitted on any Computershare computer systems.

**Pace's Refusal to Return Computershare's Stolen Information and Untruthful Affidavit**

22.     After receiving StoneTurn's forensic analysis, on January 21, 2011, counsel for Computershare sent a letter to Pace's counsel demanding the return of the Thumb Drive and all electronic media in Pace's possession in order to determine the extent of her use, access and/or

disclosure of Computershare's confidential and proprietary information.   In response to this letter, counsel for Computershare and counsel for Pace exchanged email correspondence.

23.     In an email sent at 7:12 P.M. on Wednesday, January 26, 2011, Pace's counsel stated that Pace "will provide the thumb drive" to Computershare.   As a result of this promise, Computershare delayed the filing of this lawsuit against Pace.

24.     On Monday, January 31, 2011, Computershare's counsel received a letter from Pace's counsel, along with an affidavit from Pace, claiming that she could not locate the Thumb Drive.

25.     In her affidavit, Pace admits to copying from the Computershare laptop to the Thumb Drive her "personal information" and Computershare company emails concerning communications between her and her manager at Computershare.   She also claims to have "never removed or copied from the laptop any of Computershare's confidential or proprietary information."

26.     Based on the information provided by StoneTurn and described above, Pace's affidavit is false.

27.     On Tuesday, February 1, 2011, Computershare's counsel sent an email to Pace's counsel reiterating Computershare's earlier request for a forensic review of Pace's personal electronic devices, especially in light of her failure to provide the Thumb Drive after her counsel promised she would do so and her untruthful affidavit.

28.     At the time of this filing, Pace has continued to refuse to produce the Thumb Drive or allow Computershare's forensic vendor to conduct an analysis of her personal electronic devices.

## COUNT I

## Computer Fraud and Abuse Act

29.     Computershare realleges and incorporates by reference the allegations contained in paragraphs 1 though 28 above.

30.     Pace's Computershare laptop computer was a "protected computer" within the meaning of the Computer Fraud and Abuse Act.  Pace worked out of Computershare's office in Massachusetts.  Pace regularly used the Computershare laptop computer assigned to her to communicate with third-party members outside of Massachusetts and to access the Internet. Pace used her computer in interstate and foreign commerce.

31.     Weeks after her employment with Computershare had ended, Pace intentionally accessed the Computershare laptop computer assigned to her and downloaded Computershare information to a Thumb Drive without authorization or in excess of her authorization.  She used the Computershare laptop computer assigned to her to copy onto the Thumb Drive Computershare information for the purpose of retaining this information, in breach of her Confidentiality Agreement and applicable law, thus she did not have authorization or exceeded her authorization in such use of Computershare's laptop computer.

32.     Pace's intentional and unlawful conduct caused damages and losses in excess of $5,000.00.  Specifically, Computershare's damages include, but are not limited to, the fact that Computershare has been forced to hire a forensic expert to analyze and assess the Computershare laptop computer assigned to Pace, and has incurred legal fees relating to her unauthorized downloading and removal of Computershare information, and has lost many hours away from day-to-day responsibilities of Computershare employees, including but not limited to its Global

Head of Enterprise Risk Management and Internal Audit and Corporate Counsel, all well in excess of $5,000.00.

WHEREFORE, Computershare respectfully requests that the Court order Pace to immediately return all property, confidential information and/or proprietary information, including all copies, electronic and otherwise that belong to Computershare and produce for inspection and analysis all electronic devices containing such information. Computershare also demands judgment in its favor and against Pace on the claim set forth in this count as a result of Pace's unlawful conduct and for any actual, consequential damages (including but not limited to forensic computer analysis expenses and lost employee hours), to the extent ascertainable, in an amount to be determined at trial, and other such relief as this Court shall deem just and appropriate.

## COUNT II

### (Conversion)

33.     Computershare realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

34.     Pace wrongfully exercised dominion and control over information in the possession of and belonging to Computershare, including confidential and proprietary information which Pace has converted without legal justification or privilege.

35.     Computershare has repeatedly requested the return of such information, however Pace has refused.

36.     As a result of Pace's conduct, Computershare has been and/or will be damaged.

WHEREFORE, Computershare respectfully requests that the Court order Pace to immediately return all property, confidential information and/or proprietary information, including all copies, electronic and otherwise that belong to Computershare and produce for inspection and analysis all electronic devices containing such information. Computershare also demands judgment in its favor and against Pace on the claim set forth in this count as a result of Pace's unlawful conduct and for any actual, consequential damages, to the extent ascertainable, in an amount to be determined at trial, and other such relief as this Court shall deem just and appropriate.

## COUNT III

### (Breach Of Express Contract)

37.      Computershare realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 above.

38.      By virtue of the foregoing conduct, Pace has violated the terms of the Confidentiality Agreement.

39.      As a consequence of the foregoing, Computershare has suffered and/or will suffer substantial and egregious harm as a result of Pace's conduct.

WHEREFORE, Computershare demands judgment in its favor and against Pace on the claim set forth in this count for any actual and/or consequential damages, to the extent ascertainable, in an amount to be determined at trial, and other such relief as this Court shall deem just and appropriate, including attorneys fees, as specifically provided in the Confidentiality Agreement.

11

## COUNT IV

## (Injunctive Relief)

40.     Computershare realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 above.

41.     Unless Pace is enjoined from continuing to possess Computershare's confidential and/or proprietary information, Computershare will be irreparably harmed by the disclosure, whether directly or indirectly, of Computershare's trade secrets, proprietary information and/or confidential information; and/or economic loss which is unascertainable at this time and may never be ascertainable, as well as future economic loss which is also presently incalculable.

WHEREFORE, Computershare respectfully requests that the Court issue an Order:

A.  Authorizing a computer forensic specialist designated by Computershare to be permitted immediate access to any devices in the possession, custody or control of Defendant containing electronically stored information (ESI), including but not limited to laptop computers, desktop computers, servers, removable media, and backup storages, in order to make forensically sound copies of such devices;

B.  Requiring Defendant to provide all cooperation and assistance to enable same said copies to be made;

C.  Enjoining Defendant, or anyone acting on her behalf, from directly or indirectly, possessing, accessing, using or disclosing at any time in the future Computershare's confidential and/or proprietary information;

D.  Enjoining Defendant, or anyone acting on her behalf, from deleting, altering, destroying, copying, transferring, or disclosing any Computershare information or documents from her electronic devices, or destroying any Computershare documents until agreement of the Parties or further order of the Court;

E.  Requiring Defendant to immediately return (and neither retain nor destroy) all of Computershare's property, including without limitation, all electronic information, as well as any thumb drives or other devices containing Computershare information still in her possession;

F.      Restraining and/or enjoining Defendant, whenever applicable, from failing to comply
        with the above orders;

G.      Requiring Defendant to cooperate to the fullest extent to immediately return all
        Computershare information and property to Computershare, and to assist as necessary in
        the purging of Computershare information from any and all of her computers and devices
        by Computershare's forensic specialists; and

H.      Restraining and/or enjoining Defendant from doing any and all other acts as this Court
        deems necessary and appropriate.

                                        Respectfully Submitted,

                                        COMPUTERSHARE INC.,
                                        By its attorney,

                                        /s/ Erik J. Winton
                                        Erik J. Winton, BBO # 600743
                                        wintone@jacksonlewis.com
                                        Jackson Lewis LLP
                                        75 Park Plaza
                                        Boston, MA 02116
                                        (617) 367-0025

Dated:  February 4, 2011

4836-0040-6536, v. 3

13